## MEYER BROTHERS COFFEE AND SPICE COMPANY v. PAULEY.

[No. 7,311.   Filed October 4, 1911.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 413.
2. LIVERY STABLE KEEPERS.—*Animals.*—*Care of.*—*Compensation.*—*Evidence.*—*Contracts.*—Where a judgment was rendered in favor of a defendant livery stable keeper on his counterclaim alleging that the plaintiff agreed to pay the regular price for board for his horse cared for by defendant, and there was no evidence tending to show such regular price, the judgment is not supported by the evidence.   p. 413.

From Superior Court of Marion County (75,481) ; *Vinson Carter,* Judge.

Action by the Meyer Brothers Coffee and Spice Company against Harry H. Pauley. From a judgment for defendant, plaintiff appeals.   *Reversed.*

*Charles B. Clarke, Walter C. Clarke* and *Clement M. Holderman,* for appellant.

*R. N. Miller,* for appellee.

LAIRY, C. J.—Appellant purchased for $115 a horse from appellee, who was in the livery business in the city of Indianapolis.   Appellant used the horse in its business for some time, when it became lame, and the humane officers notified appellant not to work the animal any longer.   Thereupon appellant returned the horse to appellee, and demanded a return of the purchase price, on the ground that appellee had represented the horse to be sound, when, in fact, it had a disease known as ring-bone, which resulted in lameness, and rendered it of little value.   Appellee refused to return the purchase price, but the horse was left at his livery stable, where it was fed and cared for until January 18, 1907, at which time appellee sold it for $75, and gave appellant credit for that amount on the bill for board.

This action was brought by appellant to recover the purchase price of the horse, on the theory that the contract of sale was tainted with fraud, and had been rescinded on that ground. Appellee filed a general denial to the complaint, and also filed a counterclaim, in which he demanded judgment for $158, for board and care of the horse during the time it remained at his livery stable. To this counterclaim there was a general denial. No question is presented as to the form or sufficiency of the pleadings. The case was tried by the court, and resulted in a judgment for $78.90 in favor of appellee on his counterclaim.

Appellant seeks a reversal, on the ground that the evidence is insufficient to sustain the judgment. Upon the issues of fraud and rescission, presented by the complaint and the answer thereto, the evidence is conflicting, and, therefore, the findings of the trial court cannot be disturbed on appeal. This is conceded by appellant; but it contends that the evidence is insufficient to sustain the judgment in appellee's favor, which is based on the allegations contained in the counterclaim, that appellant was indebted to appellee in the sum of $158.90 for boarding and shoeing the horse, and for horse hire furnished at the special instance and request of appellant. The evidence shows that the horse was at appellee's livery stable from May 1, 1906, to January 18, 1907, and that appellant agreed to pay the regular board for him; but there is no evidence that appellant agreed to pay any particular price for board, or any evidence showing or tending to show what it was reasonably worth to board and care for a horse at a livery stable in Indianapolis during the time this horse was so boarded. If there was any evidence showing or tending to show the usual price paid for boarding horses in Indianapolis at the time, the judgment could be sustained; but in the absence of such evidence we are compelled to reverse it. Counsel for appellee has failed to call our atten-

tion to any evidence upon this branch of the case, and we have carefully searched the record in a vain attempt to discover such evidence.

The motion of appellant for a new trial should have been sustained. The judgment of the trial court is therefore reversed, with directions to grant a new trial.